# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Blackhawk Mining, LLC,**
**Employer Below, Petitioner**

**v.)**    **No. 25-274**    (JCN: 2021020512)
(ICA No. 24-ICA-311)

**Harris Argabright,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC, appeals the February 28, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Blackhawk Mining, LLC v. Argabright,* No. 24-ICA-311, 2025 WL 658342 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision) (*Blackhawk Mining III*). Respondent Harris Argabright filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the July 8, 2024, order of the Workers' Compensation Board of Review. The Board of Review reversed the claim administrator's order dated December 6, 2023, and authorized bilateral medial branch nerve blocks at L3-4, L4-5, and L5-S1.[2]

On appeal, the employer argues that the claimant failed to carry his burden of establishing that the authorized bilateral medial branch nerve blocks at L3-4, L4-5, and L5-S1 were either medically necessary or reasonably required to treat the compensable condition in the claim. As such, the employer contends that the decision of the ICA was in violation of the clear and unambiguous language of this Court's prior rulings, and asserts that the employer rebutted the presumption that the claimant's disability resulted from the compensable injury as this Court held in Syllabus Point 5 of *Moore v. ICG Tygart Valley, Inc.*, 247 W. Va. 292, 879 S.E.2d 779 (2022). The employer also argues that the claimant's complaints of pain were related to having to perform an increased level of work after returning to full time duty. The claimant counters by arguing that the Board of Review, as the trier of fact, thoroughly reviewed the record and found the report of Rajesh Patel, M.D., reliable for determining that the requested branch nerve blocks were to treat lumbar sprain/strain, which is a compensable condition in the claim. Because the branch blocks were to treat the symptoms that arose directly following the injury, the claimant argues that the Board of Review's decision was supported by the evidence of record and was not clearly wrong.

---

[1] The petitioner is represented by counsel Jeffrey B. Brannon, and the respondent is represented by counsel Reginald D. Henry and Lori J. Withrow.

[2] The ICA's memorandum decision incorrectly lists the requested treatment as being for bilateral medial branch nerve blocks at L3-4, L4-5, and L5-S2.

The ICA and the Board of Review previously determined those symptoms should be treated under the claim pursuant to *Moore*, and the employer did not appeal those findings to this Court. Therefore, the claimant argues that the ICA's memorandum decision should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 16, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison